IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LEXOS MEDIA IP, LLC, | |
| Plaintiff, | |
| v. | C.A. No. 17-1317-LPS-CJB |
| JOS. A. BANK CLOTHIERS, INC., | |
| Defendants. | |

## MEMORANDUM ORDER

WHEREAS, Magistrate Judge Burke issued a 7-page Report and Recommendation ("Report") (D.I. 36), dated June 5, 2018, recommending that the Court deny Defendant Jos. A. Bank Clothiers, Inc.'s ("Jos A. Bank's") motion to dismiss (D.I. 16) Plaintiff Lexos Media IP, LLC's ("Lexos'") First Amended Complaint ("FAC") (D.I. 12);

WHEREAS, on June 19, 2018, Jos A. Bank objected to the Report ("Objections") (D.I. 37), specifically objecting to the Report's finding that Lexos sufficiently alleged Lexos Media Inc.'s compliance with 35 U.S.C. § 287, the patent marking statute, and the Report's conclusion that Lexos need not plead its other licensees' compliance with the marking statute;

WHEREAS, on July 3, 2018, Lexos responded to Jos. A. Bank's Objections (D.I. 40) ("Response");

WHEREAS, the Court has considered the parties' objections and responses *de novo*, see *St. Clair Intellectual Prop. Consultants, Inc. v. Matsushita Elec. Indus. Co., Ltd.*, 691 F. Supp. 2d 538, 541-42 (D. Del. 2010); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3);

**NOW THEREFORE, IT IS HEREBY ORDERED** that:

1

1.  Jos. A. Bank's Objections (D.I. 37) are **OVERRULED**, Judge Burke's Report (D.I. 36) is **ADOPTED**, and Jos. A. Bank's motion to dismiss (D.I. 16) is **DENIED**.

2.  Jos. A. Bank first objects to the Report's finding that "Plaintiff had adequately alleged Lexos Media Inc.'s compliance" with 35 U.S.C. § 287, the patent marking statute. (Objections at 3) In particular, Jos. A. Bank contends that the Report erred by not requiring the FAC to show markings on the websites of Lexos Media Inc.'s Cursor Marketing and AdBull products. (*Id.*) Jos. A. Bank contends that "the alleged invention can *only* exist in a website, . . . [so] any website employing the claimed functionality is 'intrinsic to' the patented products and methods" and must, therefore, be marked. (*Id.* at 4) To Jos. A. Bank, then, the FAC must show that the Cursor Marketing and AdBull websites were marked. (*Id.*)

3.  The Court disagrees. Assuming, without deciding, that the Cursor Marketing and AdBull products practiced the asserted patents,[1] the products' respective websites would still not necessarily be intrinsic to the patent claims. The FAC appears to allege that the Cursor Marketing product is practiced not on the Cursor Marketing website but, instead, on third-party websites. (*See* D.I. 12 ¶ 11) At this stage, then, the Court must agree with the Report that it "could have been acceptable notice under Section 287(a) for Lexos Media, Inc. to have simply marked its own website." (Report at 6).

4.  Jos. A. Bank also objects to the Report's conclusion that Lexos need not plead compliance with the marking statute by its other licensees. (Objections at 5-6) In the Court's view, the Report correctly concluded that Jos. A. Bank did not satisfy its burden of production merely by noting that Lexos had "numerous" licensees. (*See* Report at 3-5; *see also Arctic Cat*

---

[1] Jos. A. Bank relies on statements of Lexos Media, Inc., a different entity than the Plaintiff in the instant action, to support its view that Cursor Marketing and AdBull practice the asserted patents. The Court need not decide if such imputation is appropriate here.

2

*Inc. v. Bombardier Recreational Prods. Inc.,* 876 F.3d 1350, 1368 (Fed. Cir. 2017) (holding that an alleged infringer bears an initial burden of production to identify unmarked patented products). Nor will the Court consider documents outside of the record appropriate for a motion to dismiss that were also not presented to the Magistrate Judge. Finally, the Court agrees with the Report that "if certain products are not yet rightly part of the case (because [Jos. A. Bank] had not yet met its burden of production to specifically identify them), it stands to reason that [Lexos] would not have had to plead facts relating to those products." (Report at 5)

September 27, 2018
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE