IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LEXOS MEDIA IP, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 17-1317 (LPS) (CJB) |
| | ) | |
| JOS. A. BANK CLOTHIERS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**JOS. A. BANK CLOTHIERS, INC.'S ANSWER,**
**AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

Defendant Jos. A. Bank Clothiers, Inc. ("Jos. A. Bank") states as follows for its Answer and Affirmative Defenses to the First Amended Complaint ("FAC") of Plaintiff Lexos Media IP, LLC ("Plaintiff"). Except to the extent expressly admitted herein, Jos. A. Bank denies each and every allegation of the FAC. The numbered paragraphs below correspond to the numbered paragraphs in the FAC. For convenience, the headings of the FAC are reproduced here.

**THE PARTIES**

1. Jos. A. Bank lacks knowledge and information sufficient to form an admission or denial regarding the allegations in Paragraph 1 and therefore denies those allegations.

2. Jos. A. Bank admits that it is a corporation organized under the laws of the State of Delaware. Jos. A. Bank denies that it has a place of business at 1235 Churchmans Road, Wilmington, Delaware 19713. Jos. A. Bank states that it has a place of business at 1235 Churchmans Road, Newark, Delaware 19713.

3. Jos. A. Bank admits that it received a letter dated June 27, 2017 related to the patents-in-suit, and that Jos. A. Bank did not send a response letter. Jos. A. Bank denies the remaining allegations of Paragraph 3.

**JURISDICTION AND VENUE**

4. Jos. A. Bank admits that the FAC purports to set forth an action for infringement under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*., but Jos. A. Bank denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief. Jos. A. Bank denies any remaining allegations in Paragraph 4.

5. Jos. A. Bank admits that this Court has subject matter jurisdiction over this action.

6. Jos. A. Bank admits that it conducts business in Delaware. Jos. A. Bank denies the remaining allegations in Paragraph 6.

7. Jos. A. Bank admits that venue is proper but denies that venue is convenient as to Jos. A. Bank. Jos. A. Bank denies the remaining allegations in Paragraph 7.

**THE PATENTS-IN-SUIT**

8. Jos. A. Bank admits that Exhibit A appears to be a copy of U.S. Patent No. 5,995,102 ("the '102 patent") and is entitled "Server System and Method for Modifying a Cursor Image." Jos. A. Bank denies the remaining allegations of Paragraph 8.

9. Jos. A. Bank admits that Exhibit B appears to be U.S. Patent No. 6,118,449 ("the '449 patent") and is entitled "Server System and Method for Modifying a Cursor Image." Jos. A. Bank denies the remaining allegations of Paragraph 9.

10. Jos. A. Bank lacks knowledge and information sufficient to form a belief regarding the allegations in Paragraph 10 and therefore denies those allegations.

11. Jos. A. Bank lacks knowledge and information sufficient to form a belief regarding the allegations in Paragraph 11 and therefore denies those allegations.

12. Jos. A. Bank admits that the excerpt in Paragraph 12 appears to be copied from the patents-in-suit. Jos. A. Bank denies the remaining allegations of Paragraph 12.

13. Jos. A. Bank admits that the excerpt in Paragraph 13 appears to be copied from the patents-in-suit. Jos. A. Bank denies the remaining allegations of Paragraph 13.

14. Jos. A. Bank admits that the excerpt in Paragraph 14 appears to be copied from the patents-in-suit. Jos. A. Bank denies the remaining allegations of Paragraph 14.

15. Jos. A. Bank admits that the excerpt in Paragraph 15 appears to be copied from the patents-in-suit. Jos. A. Bank denies the remaining allegations of Paragraph 15.

**COUNT I – [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 5,995,102**

16. Jos. A. Bank incorporates by references its responses to the preceding Paragraphs as if fully set forth herein.

17. Jos. A. Bank denies the allegations in Paragraph 17.

18. Jos. A. Bank denies the allegations in Paragraph 18.

19. Jos. A. Bank denies the allegations in Paragraph 19.

**COUNT II – [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 6,118,449**

20. Jos. A. Bank incorporates by references its responses to the preceding Paragraphs as if fully set forth herein.

21. Jos. A. Bank denies the allegations in Paragraph 21.

22. Jos. A. Bank denies the allegations in Paragraph 22.

23. Jos. A. Bank denies the allegations in Paragraph 23.

## JURY DEMAND

Jos. A. Bank states that this Paragraph contains no allegations that require a response.

## PRAYER FOR RELIEF

Jos. A. Bank denies that Plaintiffs are entitled to any of the relief they purport to seek.

## AFFIRMATIVE DEFENSES

Jos. A. Bank asserts the following affirmative defenses. By asserting these defenses, Jos. A. Bank does not intend to take on burdens of proof that it would not otherwise have, does not reduce or remove Plaintiff's burden of proof on its affirmative claims, and reserves the right to assert any additional defense to Plaintiff's claims as they become known during the course of this litigation.

1. The FAC and each count thereof fail to state a claim or cause of action upon which relief can be granted.

2. There has been no infringement of any valid and enforceable claim of the patents-in-suit literally, or under the doctrine of equivalents, directly, indirectly, contributorily, by way of inducement, and/or any other mechanism of liability under the Patent Act.

3. The claims of the patents-in-suit are invalid and/or unenforceable for failure to comply with one or more conditions of patentability set forth under Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

4. Plaintiff's claims are barred, in whole or in part, under principles of equity, including, without limitation, the doctrines of estoppel, laches, prosecution laches,

waiver, implied waiver, acquiescence, misconduct, patent misuse, unclean hands, unfair competition, and/or other applicable equitable doctrines.

5. Plaintiff's claims for damages are barred, in whole or in part, by, without limitation, 35 U.S.C. §§ 286, 287, and/or 288.

6. Plaintiff's claims are barred by the applicable statute of limitations under 28 U.S.C. § 2501.

7. To the extent Plaintiff purports to assert a claim for indirect patent infringement (either via inducement or contributory infringement), Plaintiff has failed to state a claim upon which relief can be granted.

8. Plaintiff fails to state a claim upon which relief can be granted because, among other things, Plaintiff has not stated a plausible allegation that any system employed or process practiced by Jos. A. Bank modifies a cursor image to a specific image as required by the patents-in-suit.

9. Upon information and belief, prosecution history estoppel bars Plaintiff from asserting infringement under the doctrine of equivalents of claims of the patents-in-suit and from adopting claim construction positions contrary to statements and amendments made during prosecution of the patents-in-suit and/or any related U.S. or foreign patents and patent applications.

## RESERVATION OF RIGHTS

Jos. A. Bank reserves any and all rights to amend its answer, to amend the currently pled defenses, and/or add additional defenses as they become apparent.

**JOS. A. BANK'S COUNTERCLAIMS**

For its counterclaims against Plaintiff Lexos Media IP, LLC ("Lexos Media"), Counterclaim Plaintiff Jos. A. Bank Clothiers, Inc. ("Jos. A. Bank") alleges as follows:

**PARTIES**

1. Counterclaim Plaintiff Jos. A. Bank is a corporation organized under the laws of the State of Delaware, with a principal place of business in Hampstead, Maryland.

2. Upon information and belief based solely on the allegations in the FAC, Counterclaim Defendant Lexos Media is a Delaware limited liability company with a place of business located at 555 Republic Drive, 2nd Floor, Plano, Texas 75074.

**JURISDICTION AND VENUE**

3. Jos. A. Bank incorporates the allegations of paragraphs 1-2 above.

4. These Counterclaims arise under the patent laws of the United States, 35 U.S.C. § 1 *et seq*. The jurisdiction of this Court is proper under at least 35 U.S.C.§271 *et seq*. and 28 U.S.C. §§ 1331, 1338, 1367, and 2201–02.

5. Lexos Media has consented to the personal jurisdiction of this Court at least by commencing its action for patent infringement in this District.

6. Based solely on Lexos Media's filing of this action, venue is proper for purposes of these Counterclaims, though not necessarily convenient, in this District pursuant to at least 28 U.S.C. §§ 1391 and 1400.

**COUNT I: DECLARATION OF NON-INFRINGEMENT OF THE '102 PATENT**

7. Jos. A. Bank incorporates by reference paragraphs 1-6 above.

8. Based on Lexos Media's filing of this action and at least Jos. A. Bank's affirmative defenses, an actual controversy has arisen and now exists between the parties as to whether Jos. A. Bank infringes U.S. Patent No. 5,995,102 (the "'102 Patent").

9. Jos. A. Bank does not infringe any valid claims of the '102 patent because, among other things, the accused system does not modify a cursor image to a specific image that includes content corresponding to at least a portion of said information to be displayed on said display as required by the claims of the '102 patent.

10. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Jos. A. Bank requests a declaration by the Court that Jos. A. Bank has not infringed and does not infringe any claim of the '102 patent under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)).

**COUNT II: DECLARATION OF NON-INFRINGEMENT OF THE '449 PATENT**

11. Jos. A. Bank incorporates by reference paragraphs 1-10 above.

12. Based on Lexos Media's filing of this action and at least Jos. A. Bank's affirmative defenses, an actual controversy has arisen and now exists between the parties as to whether Jos. A. Bank infringes U.S. Patent No. 6,118,449 (the "'449 Patent").

13. Jos. A. Bank does not infringe any valid claims of the '449 patent because, among other things, the accused system does not modify a cursor image to a specific image that includes content corresponding to at least a portion of said information to be displayed on said display as required by the claims of the '449 patent.

14. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Jos. A. Bank requests a declaration by the Court that Jos. A. Bank has not infringed and

does not infringe any claim of the ‘449 patent under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)).

**COUNT III: DECLARATION OF INVALIDITY OF THE ‘102 PATENT**

15. Jos. A. Bank incorporates by reference paragraphs 1-14 above.

16. Based on Lexos Media’s filing of this action and at least Jos. A. Bank’s affirmative defenses, an actual controversy has arisen and now exists between the parties as to the validity of the ‘102 patent.

17. The asserted claims of the ‘102 patent are invalid as anticipated and/or rendered obvious by, *inter alia*, U.S. Patent Nos. 5,710,897; 5,715,416; 5,920,311; 5,991,781; and 6,437,800.

18. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., Jos. A. Bank requests a declaration by the Court that the claims of the ‘102 patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

**COUNT IV: DECLARATION OF INVALIDITY OF THE ‘449 PATENT**

19. Jos. A. Bank incorporates by reference paragraphs 1-18 above.

20. Based on Lexos Media’s filing of this action and at least Jos. A. Bank’s affirmative defenses, an actual controversy has arisen and now exists between the parties as to the validity of the ‘449 patent.

21. The asserted claims of the ‘449 patent are invalid as anticipated and/or rendered obvious by, *inter alia*, U.S. Patent Nos. 5,710,897; 5,715,416; 5,920,311; 5,991,781; and 6,437,800.

22. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., Jos. A. Bank requests a declaration by the Court that the claims of the ‘449 patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

**PRAYER FOR RELIEF**

WHEREFORE, Jos. A. Bank respectfully requests that the Court enter judgment in favor of Jos. A. Bank and against the Plaintiff as follows:

A. Dismiss the First Amended Complaint with prejudice;

B. Deny all remedies and relief that Plaintiff seeks in the First Amended Complaint;

C. Enter judgment that Jos. A. Bank does not infringe any valid and enforceable claim of the patents-in-suit, either directly or indirectly, and either literally or under the doctrine of equivalents;

D. Enter judgment that the claims of the patents-in-suit are invalid;

E. Enter judgment that the claims of the patents-in-suit are unenforceable;

F. Find this case exceptional under 35 U.S.C. § 285;

G. Award Jos. A. Bank its reasonable attorneys’ fees, costs, and expenses in connection with this action to the extent permitted by law; and

H. Award such other and further relief to Jos. A. Bank as the Court may deem just and proper.

**JURY DEMAND**

Jos. A. Bank hereby demands trial by jury on all issues.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*

Rodger D. Smith II (#3778)
Anthony D. Raucci (#5948)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
rsmith@mnat.com
araucci@mnat.com

*Attorneys for Defendant*

OF COUNSEL:

Richard L. Brophy
Margaret R. Szewczyk
ARMSTRONG TEASDALE LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, MO 63105-1847
(314) 621-5070

October 11, 2018

**CERTIFICATE OF SERVICE**

I hereby certify that on October 11, 2018, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on October 11, 2018, upon the following in the manner indicated:

Stamatios Stamoulis, Esquire *VIA ELECTRONIC MAIL*
Richard C. Weinblatt, Esquire
STAMOULIS & WEINBLATT LLC
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
*Attorneys for Plaintiff*

*/s/ Rodger D. Smith II*

Rodger D. Smith II (#3778)