IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF DELAWARE

| | |
|---|---|
| LEXOS MEDIA IP, LLC,<br><br>Plaintiff,<br><br>v.<br><br>JOS. A. BANK CLOTHIERS, INC.<br><br>Defendant. | Civil Action No. 1:17-cv-1317-LPS-CJB<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S REPLY TO DEFENDANT'S COUNTERCLAIMS**

Plaintiff Lexos Media IP, LLC ("Lexos Media") replies to the counterclaims set forth by Defendant Jos. A. Bank Clothiers, Inc. ("Defendant") in Defendant's Answer, Affirmative Defenses and Counterclaims (the "Counterclaim").

**PARTIES**

1. Lexos Media admits Defendant is a Delaware corporation and is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations of paragraph 1 and therefore denies them.

2. Lexos Media admits it is a Delaware limited liability company with a place of business located at 555 Republic Drive, 2nd Floor, Plano, Texas 75074.

**JURISDICTION**

3. Lexos Media incorporates by reference each and every response to the allegations contained in paragraphs 1-2 as if fully set forth herein.

4. The allegations of paragraph 4 are legal conclusions and do not require a responsive pleading. To the extent a response is required, Lexos Media admits the Court has jurisdiction over this judicial action.

5. The allegations of paragraph 5 are legal conclusions and do not require a responsive pleading. To the extent a response is required, Lexos Media does not dispute that this Court has personal jurisdiction over it for this action.

6. The allegations of paragraph 6 are legal conclusions and do not require a responsive pleading. To the extent a response is required, Lexos Media admits that venue is proper in this district, but denies that venue properly lies in this judicial action solely by virtue of Lexos Media's having filed its complaint herein and denies venue would be more convenient in another district.

## COUNT I: DECLARATION OF NON-INFRINGEMENT OF THE '102 PATENT

7. Lexos Media incorporates by reference each and every response to the allegations contained in paragraphs 1-6 as if fully set forth herein.

8. The allegations of paragraph 8 are legal conclusions and do not require a responsive pleading. To the extent a response is required, Lexos Media does not dispute that there is an actual controversy between Lexos Media and Defendant regarding Defendant's infringement of U.S. Patent No. 5,995,102 (the "'102 patent"), which is presumed to be valid.

9. Denied.

10. Lexos Media admits Defendant requests a declaration by the Court that Defendant does not infringe the '102 patent, but denies that Defendant is entitled to any such declaration.

## COUNT II: DECLARATION OF NON-INFRINGEMENT OF THE '449 PATENT

11. Lexos Media incorporates by reference each and every response to the allegations contained in paragraphs 1-10 as if fully set forth herein.

12. The allegations of paragraph 12 are legal conclusions and do not require a responsive pleading. To the extent a response is required, Lexos Media does not dispute that there is an actual controversy between Lexos Media and Defendant regarding Defendant's infringement of U.S. Patent No. 6,118,449 (the "'449 patent"), which is presumed to be valid.

13. Denied.

14. Lexos Media admits Defendant requests a declaration by the Court that Defendant does not infringe the '449 patent, but denies that Defendant is entitled to any such declaration.

**COUNT III: DECLARATION OF INVALIDITY OF THE '102 PATENT**

15. Lexos Media incorporates by reference each and every response to the allegations contained in paragraphs 1-14 as if fully set forth herein.

16. The allegations of paragraph 16 are legal conclusions and do not require a responsive pleading. To the extent a response is required, Lexos Media does not dispute that there is an actual controversy between Lexos Media and Defendant regarding Defendant's infringement of the '102 patent, which are presumed to be valid.

17. Denied.

18. Lexos Media admits Defendant requests a declaration by the Court that the '102 and patents is invalid, but denies that Defendant is entitled to any such declaration.

**COUNT IV: DECLARATION OF INVALIDITY OF THE '449 PATENT**

19. Lexos Media incorporates by reference each and every response to the allegations contained in paragraphs 1-18 as if fully set forth herein.

20. The allegations of paragraph 20 are legal conclusions and do not require a responsive pleading. To the extent a response is required, Lexos Media does not dispute that

there is an actual controversy between Lexos Media and Defendant regarding Defendant's infringement of the '449 patent, which is presumed to be valid.

21. Denied.

22. Lexos Media admits Defendant requests a declaration by the Court that the '449 patent is invalid, but denies that Defendant is entitled to any such declaration.

## GENERAL DENIAL

Lexos Media denies each and every allegation of the Counterclaim that is not expressly admitted or to which Lexos Media has not specifically responded.

## AFFIRMATIVE DEFENSES

By way of further answer, as Affirmative Defenses to the Counterclaim, and without assuming any burden that it would not otherwise have, Lexos Media states as follows:

### FIRST AFFIRMATIVE DEFENSE

Defendant's Counterclaim fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Lexos Media expressly reserves the right to assert any other legal or equitable defenses to which it is entitled.

## PRAYER FOR RELIEF

WHEREFORE, Lexos Media denies Defendant is entitled to any judgment or relief in its favor, including the relief sought in the Defendant's Prayer For Relief in Defendant's Counterclaim, and Lexos Media requests entry of judgment against Defendant as follows:

a. Dismiss Defendant's Counterclaim in its entirety;

b. Grant the relief sought in Lexos Media's Complaint;

c. Grant the case be declared exceptional pursuant to 35 U.S.C. § 285 and that Lexos Media shall recover from Defendant all of Lexos Media's reasonable expenses, including costs and attorneys' fees incurred in defending against Defendant's Counterclaim; and

d. Grant to Lexos Media such other relief as the Court may deem just and proper.

## DEFENDANT'S JURY DEMAND

To the extent a response is required, Lexos Media does not dispute that the Counterclaim purports to seek a trial by jury. Lexos Media repeats its demand for a trial by jury on all issues so triable.

Dated: October 24, 2018

STAMOULIS & WEINBLATT LLC

*/s/ Richard C. Weinblatt*
Stamatios Stamoulis DE SB #4606
Richard C. Weinblatt DE SB #5080
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
Telephone: (302) 999-1540
Facsimile: (302) 762-1688
stamoulis@swdelaw.com
weinblatt@swdelaw.com

*Attorneys for Plaintiff*
*Lexos Media IP, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 24, 2018, I electronically filed the above document(s) with the Clerk of Court using CM/ECF, which will send electronic notification of such filing(s) to all registered counsel.

*/s/ Richard C. Weinblatt*
Richard C. Weinblatt